# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:06CV151-MU-1

|  |  |  |
|---|---|---|
| HARRY C. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| R. DAVID MITCHELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed May 15, 2006.

In his Complaint, Plaintiff alleges that beginning sometime in 2002 and continuing until sometime in 2003, he was periodically required to urinate for a standard drug test and was not able to do so. Each time Plaintiff was unable to urinate, he was placed in segregation. Plaintiff further alleges that he has learned that a side effect of one of the prescription medicines he is taking is difficulty urinating. Plaintiff has named as defendants the superintendents of the two correctional facilities where he was housed during the time period of the Complaint. Plaintiff is seeking unspecified monetary damages and the restoration of the good time he has lost.[1]

Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section

---

[1] The Court notes that claims for damages based on the loss of good-time credits may only be brought in habeas proceedings, rather than civil rights actions, if a finding in favor of the Petitioner would necessarily imply the invalidity of the underlying conviction. Edwards v. Balisok, 520 U.S. 641, 645-48 (1997).

1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not allege any personal conduct by either defendant with regard to the incidents that form the basis of his Complaint. In fact, Plaintiff does not connect the Defendants in any way to the incidents that form the basis of his Complaint. Nor does Plaintiff allege that the conduct at issue was the result of a policy or custom of the Defendants. Consequently, Plaintiff fails to state a claim against these Defendants.

In closing the Court notes that Plaintiff's present Complaint is almost identical to one that he filed on August 16, 2005, and therefore his Complaint is also barred by the doctrine of res judicata.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED.**

Signed: May 16, 2006

Graham C. Mullen
United States District Judge